**MODAS ANA REPRESENTATIONS, INC. and Myriam G. Rosenfeld, Plaintiff,**

v.

**ROSENTHAL & ROSENTHAL, INC., Defendant.**

Civ. No. 658–68.

United States District Court
D. Puerto Rico.

Jan. 23, 1969.

Rafael Marxuach Del Toro, San Juan, P. R., for plaintiff.

Sutton Keany, San Juan, P. R., for defendant.

## MEMORANDUM OPINION

CANCIO, Chief Judge.

The matter before the court is a motion filed by the defendant, Rosenthal & Rosenthal, Inc. ("Rosenthal") to dismiss the complaint filed in this action for lack of jurisdiction over the person, in reliance upon Federal Rule 12(b) (2), or, in the alternative, to transfer venue to the United States District Court for the Southern District of New York, in reliance upon 28 U.S.C. § 1404(a), where it might originally have been brought.

The complaint, which was filed in this court on October 11, 1968, pleads in substance an action for an accounting and consequential damages, upon allegations that Rosenthal violated and abused a certain "Factoring Agreement" that was signed by the parties on February 24, 1965. The Agreement expressly provides that it "is to be governed, interpreted and construed in accordance with the laws of the State of New York."

Service of process upon Rosenthal in New York was sought to be accomplished in reliance upon Federal Rules 4(d) (7) and 4(e) (1), and Rule 4.7(a) (1) of the Rules of Civil Procedure for the General Court of Justice of Puerto Rico, 32 LPRA App. II 4.7. See Executive Air Services,

Inc. v. Beech Aircraft Corp., 254 F.Supp. 415 (D.P.R.1966). A copy of the process was sent to Rosenthal by registered mail in a letter dated October 22, 1968.

Rosenthal filed the motion here in question on December 12, 1968, supported by the affidavit of its treasurer, before it had filed an answer or otherwise joined issue on the complaint.

The court's discretion as to a motion under Section 1404(a) is broader than under the *forum non conveniens* doctrine. Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955); Schneider v. Sears, 265 F.Supp. 257, 263 (SDNY 1967). The criteria which are to be considered, however, do not vary materially. Among the factors to be considered, as a whole, are relative ease of access to sources of proof in both forums, the residences of witnesses, the law to be applied, docket conditions, plaintiff's choice of forum, and the practical problems indicating where the case can be tried more expeditiously and inexpensively, etc. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Oil & Gas Ventures—First 1958 Fund, Ltd. v. Kung, 250 F.Supp. 744, 754 (S.D.N.Y.1966); Schneider v. Sears, supra, 265 F.Supp. at 263.

Plaintiff chose to bring its action in this forum, but this one factor in isolation is not entitled to conclusive weight. Norwood v. Kirkpatrick, supra, 349 U.S. at 32, 75 S.Ct. 544; A. Olinick & Sons v. Dempster Bros., 365 F.2d 439, 444–445 (2d Cir. 1966). Upon the affidavits submitted, in support of and in opposition to the motion to transfer, it appears that the balance of conveniences and the interest of justice requires transfer to the Southern District of New York.

Rosenthal, a corporation organized and existing under the laws of New York, has its principal and only place of business in the City of New York. Plaintiff was engaged in the business of importing merchandise to Puerto Rico and New York, principally from the Far East.

Rosenthal's only connection with this import business arose from the factoring agreement referred to above, a copy of which was attached to the complaint. The nature of the involvement, for our purposes, may be summarized as follows: Upon the request of the plaintiff, Rosenthal would approve the opening of a letter of credit through a New York bank, which in turn would go to plaintiff's supplier in the Far East. All subsequent documentation would be returned and handled through New York, where plaintiff's account would be charged. Defendant would issue instructions to a freight forwarder, and warehouse receipts and other documents would be issued in defendant's name and delivered to defendant in New York. Subsequent sales would be carried out subject to defendant's credit approval of the customer, in accordance with the factoring agreement.

The nature of the control over the transactions in question that was vested in Rosenthal, the fact that at least the vast majority of the documentary proof and witnesses are found in New York, as well as the law governing the operation of the agreement, leads to the conclusion that this is a proper case for transfer pursuant to Section 1404(a).

It is particularly appropriate that the motion should be finally determined now, in light of the fact that the involvement of this forum to date is negligible. Compare Levenson v. Little, 81 F.Supp. 513 (S.D.N.Y.1949) (motion made after action pending one year); Brainard v. Atchison, T. & S. F. Ry., 81 F.Supp. 211 (N.D.Ill.1948) (motion made one week before trial).

The court does not reach the second ground of defendant's motion, the question of the validity of the service of process, but assumes the same to be valid solely for purposes of this motion. See Francisco Garratón, Inc. v. Kimberly Clark Corp., 267 F.Supp. 909, 911 (D.P. R.1967).

An appropriate order will be entered.