**Donald R. MYERS, Plaintiff,**

v.

**PAN AMERICAN WORLD AIR-WAYS, INC., Defendant.**

**Civ. No. 711–73.**

United States District Court,
D. Puerto Rico.

Dec. 30, 1974.

Ismael E. Marrero, Hato Rey, P.R., for plaintiff.

McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz-Suria, Manuel A. Guzmán, Hato Rey, P. R., for defendant.

## OPINION AND ORDER

PESQUERÁ, District Judge.

This is a motion under 28 U.S.C. § 1404(a) filed by plaintiff on October 1, 1974 to transfer this action to the United States District Court for the District of Boston, Massachusetts, for the convenience of the parties and witnesses and in the interest of justice.

The complaint arises from injuries allegedly sustained by plaintiff while on a flight from the City of New York to San Juan, Puerto Rico on August 28, 1973. Plaintiff is an oral surgeon domiciled in Saint Thomas, Virgin Islands with private practice in Boston, Massachusetts. Defendant, a certificated air carrier, is a New York Corporation.

■ The criteria relevant to a determination on a motion for transfer include the convenience of the parties, the convenience of the witnesses, the ease of access to the sources of proof and the interest of justice. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L. Ed.2d 945 (1964); Modas Ana Represent, Inc. v. Rosenthal & Rosenthal, Inc., 294 F.Supp. 929 (D.P.R.1969). The burden is on the moving party to show this Court an appraisable hardship. Truxes v. Rolan Electric Corporation, 314 F.Supp. 752 (D.P.R.1970).

Even though it is claimed most of the witnesses reside in the proposed transferee forum, plaintiff has not filed any sworn statements to that effect nor have any other facts been shown from which the correctness of such an assertion could be determined by this Court. Plaintiff has not specified what witnesses, if any, would be unable to attend a trial in this district, nor what testimony they would be expected to provide nor how relevant and necessary their testimony would be. Baksay v. Rensellear Polytech Institute, 281 F.Supp. 1007 (S. D.N.Y.1968); Rodriguez v. American Export Lines, Inc., 253 F.Supp. 36 (E.D. Pa.1966); McKinney v. Southern Pacific Co., 147 F.Supp. 954 (S.D.Tex.1957).

■ One of the most crucial factors which must be showed by a movant in a change of venue petition is the nature or materiality of the testimony of prospective witnesses. It is not sufficient merely to state the number of witnesses who will be inconvenienced [Peyser v. General Motors Corp., 158 F.Supp. 526 (S.D.N.Y.1958); Popkin v. Eastern Airlines, 253 F.Supp. 244 (E.D.Pa.1966)] or to list their names and addresses, which plaintiff in this case has even failed to do. United Airlines Inc. v. United States, 192 F.Supp. 795 (D.Del.1959).

Such party must show the nature, substance, or materiality of the testimony to be offered by the prospective witnesses or must state generally what is expected to be proved by such witnesses Jones Knitting Corp. v. A. M. Pullen & Co., 50 F.R.D. 311 (S.D.N.Y.1970); Raymond D. Danto Associates, Inc. v. Arthur D. Little, Inc., 316 F.Supp. 1350 (E.D.Mich. 1970).

In the aggregate, the insubstantial showing of plaintiff is wholly inadequate to meet the requirement that the balance in favor of a transfer be a strong one. The mere fact that plaintiff's private practice takes place in the proposed transferee district is insufficient of itself to require a transfer to that district particularly when he has chosen this Commonwealth to litigate his complaint and no showing has been made to meet the requirements of Section 1404(a). Huisman v. Geuder, Paeschke & Frey Co., 250 F.Supp. 631 (E.D.Wis. 1966).

Accordingly, plaintiff's motion for an order transferring this action to the United States District Court for the District of Boston, Massachusetts is denied.