[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2012
JOHN LEY
CLERK

No. 11-13728
Non-Argument Calendar

_____

D.C. Docket No. 5:07-cv-00374-WTH-TBS

ROBERT LEE HONG,

Petitioner-Appellant,

versus

SECRETARY DEPARTMENT OF CORRECTIONS,
FL ATTORNEY GENERAL,
Attorney General, State of Florida,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 14, 2012)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Lee Hong, a state prisoner proceeding pro se, appeals the denial of his petition for a writ of habeas corpus, under 28 U.S.C. § 2254. Hong argues -- consistent with a certificate of appealability issued by the district court -- that he was entitled to post-conviction relief because: (i) his trial attorney rendered constitutionally ineffective assistance during the closing arguments of his state court trial when he failed to object to alleged witness vouching by the prosecutor; and (ii) a portion of his total state court sentence -- 400 years for 80 counts of conviction for possessing material depicting a sexual performance by a minor -- was cruel and unusual, in violation of the Eighth Amendment. After thorough review, we affirm.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996,

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . .

28 U.S.C. § 2254(d). "Clearly established federal law" refers to Supreme Court holdings that were in effect at the time of the relevant state court decision. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010). To act contrary to clearly established federal law, the state court must have either: (1) applied a rule that contradicted a

2

ruling by the Supreme Court; or (2) reached a different result than the Supreme Court "when faced with materially indistinguishable facts." Id. (quotation omitted). Thus, where the law at the time is unclear as to an issue, a habeas petitioner will be unable to demonstrate that it was "clearly established." See, e.g., Anderson v. Sec'y for Dep't of Corr., 462 F.3d 1319, 1327-28 (11th Cir. 2007).

An unreasonable application of federal law occurs when the state court identifies the correct governing legal rule, but "unreasonably applies that principle to the facts of the prisoner's case." Cox v. McNeil, 638 F.3d 1356, 1360 (11th Cir.) (quotations omitted), cert. denied, 132 S.Ct. 309 (2011). But "an unreasonable application of federal law is different from an incorrect application of federal law." Cave v. Sec'y, Dep't of Corr., 638 F.3d 739, 744 (11th Cir.) (quotation omitted), cert. denied, 132 S.Ct. 473 (2011); see also Harrington v. Richter, 131 S.Ct. 770, 785 (2011). Indeed, review under § 2254(d)(1) "goes no farther" than inquiring into whether "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." Cave, 638 F.3d at 744 (quotations omitted).

Thus, although we review de novo the district court's decision about whether a state court reasonably applied federal law or determined the facts, we "owe deference to the final state habeas judgment." Hall v. Thomas, 611 F.3d 1259, 1284

3

(11th Cir. 2010) (quotation omitted). This deference applies whenever a claim was adjudicated "on the merits." Loggins v. Thomas, 654 F.3d 1204, 1218 (11th Cir. 2011). For § 2254 purposes, a claim is presumed to be adjudicated on the merits if the federal claim is presented to the state court and the state court has denied relief. Id. at 1217. In other words, "unless the state court clearly states that its decision was based solely on a state procedural rule, we will presume that the state court has rendered an adjudication on the merits when the petitioner's claim is the same claim rejected by the state court." Id. (quotation omitted).

We review de novo the district court's resolution of an ineffective assistance of counsel claim in a § 2254 petition as a mixed question of law and fact. Rhode v. Hall, 582 F.3d 1273, 1279 (11th Cir. 2009). We apply a "doubly" deferential standard that takes into account § 2254's deference to state courts and deference to counsel, affirming if "there is any reasonable argument that counsel" acted pursuant to prevailing professional standards. See Harrington, 131 S. Ct. at 788.

First, we find no merit in Hong's claim that his trial attorney rendered constitutionally ineffective assistance by failing to make objections during the closing arguments of his state court trial. The United States Constitution provides that in "all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defen[se]." U.S. Const. amend. VI. To make a successful claim of

4

ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687. Both parts of the test must be met; thus, if a defendant cannot satisfy the performance prong, a court does not need to address the prejudice prong, and vice versa. Michael v. Crosby, 430 F.3d 1310, 1319 (11th Cir. 2005).

To establish prejudice, the petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation omitted). "Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quotation omitted). When evaluating prejudice, the court should look at the "entire evidentiary picture." Agan v. Singletary, 12 F.3d 1012, 1019 (11th Cir. 1994).

Improper vouching occurs if the prosecutor makes explicit personal assurances of a witness's veracity, or indicates that information not presented to the jury supports a witness's testimony. United States v. Epps, 613 F.3d 1093, 1100 (11th Cir. 2010). A prosecutor is permitted to comment on the credibility of a witness without personally vouching for a witness's credibility. United States v. Lopez, 590 F.3d 1238, 1257 (11th Cir. 2009). Improper vouching requires a determination that the jury reasonably believed "the prosecutor was indicating a personal belief in the

5

witness' credibility," but does not prohibit arguments about credibility. Id. at 1256 (quotation omitted).

In evaluating prosecutorial indiscretion generally, the relevant question is "whether the comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (citation and quotation omitted). Inappropriate prosecutorial comments, standing alone, "[will] not justify [reversing] a criminal conviction obtained in an otherwise fair proceeding. Instead . . . the remarks must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error. In other words, the Court must consider the probable effect the prosecutor's response would have on the jury's ability to judge the evidence fairly." United States v. Young, 470 U.S. 1, 11-12 (1985). If the prosecutor's comments did not render a defendant's trial fundamentally unfair, habeas relief is not available. Land v. Allen, 573 F.3d 1211, 1219-20 (11th Cir. 2009) (citing Darden, 477 U.S. at 181).

Here, none of the state court decisions rejecting Hong's ineffectiveness claim were contrary to, or reflected an unreasonable application of, federal law. As the record shows, the state court correctly identified and applied Strickland when analyzing Hong's claim. As for Strickland's performance prong, the prosecutorial statements at issue consisted of proper commentary on the credibility of the witnesses

-- arguing that the witnesses were credible based on the evidence presented, the situations involved, and the training of the witnesses -- and not improper vouching. Thus, the district court correctly concluded that, because no improper vouching occurred, counsel could not have been ineffective by failing to make an objection in this respect.  Nor has Hong shown Strickland prejudice, since, as the state court found, there was overwhelming evidence of guilt, and there was therefore no reasonable probability of a different outcome at trial had counsel objected to the prosecutor's statements.

We are also unpersuaded by Hong's argument that a portion of his state court sentence was cruel and unusual.  The Eighth Amendment of the United States Constitution states that "cruel and unusual punishments [shall not be] inflicted." According to the Supreme Court, this clause "prohibits . . . sentences that are disproportionate to the crime committed." Solem v. Helm, 463 U.S. 277, 284 (1983). However, "outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare."  Id. at 289-290. (quotation and edits omitted).  When determining whether a sentence is in violation of the Eighth Amendment, a court should look at three things: first, the gravity of the offense and the harshness of the penalty; second, the sentences imposed on other

criminals in the same jurisdiction; and third, the sentences imposed for commission of the same crime in other jurisdictions. Id. at 290-292.

So, in order to overturn a state court sentencing determination, a habeas petitioner must show that the state court looked to incorrect precedent, confronted a factual situation that was materially indistinguishable from a prior Supreme Court case, or unreasonably applied past precedent. Lockyer v. Andrade, 538 U.S. 63, 73-75 (2003). Because of the uncertain contours established by the Supreme Court in this area of jurisprudence, an unreasonable application of its precedents would take an "extraordinary case." Id. at 75-77; see also Harmelin v. Michigan, 501 U.S. 957, 965 (1991) (stating, in a plurality opinion, that "Solem was simply wrong; the Eighth Amendment contains no proportionality guarantee").

Here, the state court's decision to reject Hong's Eighth Amendment claim was not contrary to nor an unreasonable application of clearly established federal law. The state trial court officially gave the sentence of "life plus 415 years" imprisonment, with 400 years of that sentence resulting from the 80 counts of conviction for possession of material depicting a sexual performance by a minor, but the sentence, either in total or just the 400 years, is indistinguishable from one of life without parole. A sentence of life without parole has been affirmed by different courts, including the Supreme Court. See, e.g., Harmelin, 501 U.S. at 994-996

8

(stating that severe, mandatory penalties have been employed "throughout our Nation's history," and affirming a sentence of life without parole for possession of 650 grams of cocaine). In addition, courts have recognized that multiple counts of conviction need to be punished more seriously than a single count of conviction, and Hong was convicted on 80 separate counts of possession of material depicting a sexual performance by a minor, and 82 total counts. See, e.g., United States v. Johnson, 451 F.3d 1239, 1243-1244 (11th Cir. 2006) (finding a 140-year sentence constitutional and reasonable, based on three counts of conviction with consecutive sentences).

What's more, the courts have recognized the importance of protecting children, and the seriousness of violating laws designed to protect children. See, e.g., Ashcroft v. Free Speech Coal., 535 U.S. 234, 240 (2002) (recognizing the state's compelling interest in prosecuting those who promote the sexual exploitation of children.). The serious nature of the offenses, and the sheer number of convictions, required a severe sentence. Accordingly, because this is not the "extraordinarily rare" case where a term of imprisonment is so grossly disproportionate to the offenses of conviction so as to violate the Eighth Amendment, the state court rejection of Hong's Eighth Amendment claim was not contrary to, or an unreasonable application of, federal law.

**AFFIRMED.**