**PONCE DE LEON HOSPITALITY CORP.; et al., Plaintiffs,**

v.

**AVALON LOGISTICS, INC.; et al., Defendants.**

**Civil No. 13–1412 (DRD).**

United States District Court,
D. Puerto Rico.

Signed July 8, 2015.

Jose A. Acosta–Grubb, Melissa Hernandez–Carrasquillo, Jose L. Ramirez–Coll, Fiddler Gonzalez & Rodriguez, P.S.C, San Juan, PR, for Plaintiffs.

Luis N. Blanco–Matos, Matos Robles & Blanco, Beatriz Annexy–Guevara, Department of Justice, Luis N. Saldana–Roman, Manuel Sosa–Baez, Saldana, Carvajal & Velez–Rive, PSC., Jorge F. Blasini–Gonzalez, Juan Carlos Deliz, Andres Federico Pico–Ramirez, Jimenez, Graffam & Lausell, Francisco J. Colon–Pagan, Colon & Colon PSC, Vanessa Medina–Romero, Marichal & Hernandez, Margarita Rosado–Toledo, San Juan, PR, Marc I. Kunkin, Hill Rivkins, LLP, New York, NY, for Defendants.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

Ponce de Leon Hospitality Corp. ("H.I. Ponce") and H.I. Mayagüez, Inc. ("H.I. Mayagüez") (collectively "Plaintiffs"), brought the instant action against Avalon Logistics Inc., et al.[1] pursuant to the Carmack Amendment to the Interstate Commerce Act and its attendant regulation[2], for the loss or theft of thirty-nine (39) video-gaming or slot machines and other machine parts that were never delivered to their final destination in San Juan, Puerto Rico. Pending before the Court is Defendant Federal Insurance Company's ("Federal") *Motion for Transfer of Venue* pursuant to Federal Rule of Civil Procedure 12(b)(3). For the reasons set forth below, the motion is hereby **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the present case, Plaintiffs, two corporations organized under the laws of the

---

1. Remaining Defendants include: Leading Edge Logistics, LEL Caribe LLC, Crowley Logistics, Inc.; and their insurers, Federal Insurance Company, QBE Syndicate 1036 and/or QBE Marine & Energy Syndicate 1036, and Indemnity Insurance Company of North America.

2. A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (a) the receiving carrier, (b) the delivering carrier, or (c) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property recognized or diverted under a tariff under section 13702. 49 U.S.C. § 14706(a)(1); *see also* 49 C.F.R. §§ 370.3 and 1005.

Commonwealth of Puerto Rico, seek to recover damages from several Defendants caused by the alleged loss or theft of thirty-nine (39) video-gaming or slot machines.

According to the Complaint, on or around January 23, 2013, H.I. Mayagüez purchased fifteen (15) video-gaming or slot machines and other machine parts from Ainsworth Game Technology, Ltd. ("Ainsworth"), a nonparty. On or around that same date, H.I. Ponce also purchased twelve (12) machines from Ainsworth. Moreover, on or around March 26, 2013, Plaintiff H.I. Mayagüez then purchased twelve (12) video-gaming or slot machine parts from Bally Gaming Inc., also a nonparty in this case. All three orders were received in good condition by Co–Defendant Avalon Logistics Inc. ("Avalon"), a carrier[3] principally located and organized under the laws of the state of California. Nevertheless, the machines were scheduled to be moved via land by Avalon from their warehouse in California to Jacksonville, Florida, where they were then meant to be shipped to Puerto Rico. However, the machines were allegedly lost or stolen from Avalon's warehouse in California and/or while in transit from Avalon's warehouse to Jacksonville, Florida. Thus, the thirty-nine (39) slot machines never arrived to their final destination in San Juan, Puerto Rico. *See* Docket No. 103.

On October 23, 2014, Co–Defendant Federal, a member of the Chubb Group of Insurance Companies and incorporated pursuant to the laws of the State of Indiana, filed the instant *Motion for Transfer of Venue* (Docket No. 124). Specifically, Federal requests the transfer of this action pursuant to the provisions of 28 U.S.C. § 1391(b)[4] (as venue is allegedly improper in this district) and 28 U.S.C. § 1404(a)[5] (as transfer is allegedly warranted for reasons of convenience). Moreover, Federal Claims that the instant action should be transferred to the Central District Court of California, on the grounds that: (1) none of the defendants are residents of Puerto Rico; (2) the alleged theft of goods in transit did not take place in Puerto Rico, but rather in California or in a district other than Puerto Rico; and (3) several documents, records and witnesses involved in the investigation of this case are located in California. *See* Docket No. 124.

On November 24, 2014, Plaintiffs filed an *Opposition to Motion for Transfer of Venue* (Docket No. 139) claiming that the venue statute applicable to this case is the specialized provision codified in the Carmack Amendment at 49 U.S.C. § 14706(d)(1)[6] which trumps the afore-

---

3. The term "carrier" means a motor carrier, a water carrier, and a freight forwarder. 49 U.S.C. § 13102.

4. (b) A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's person-

al jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

5. (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a).

6. "A civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is in a

mentioned general venue provision codified at 28 U.S.C. § 1391(b). Plaintiffs also claim that Federal has not successfully carried forth its burden to seek a change of venue for reasons of convenience pursuant to 28 U.S.C. § 1404(a).

On November 24, 2014, Co–Defendant Crowley Logistics Inc. ("Crowley"), a corporation organized under the laws of the state of Delaware, filed an opposition to Co–Defendant Federal's *Motion for Transfer of Venue* (Docket No. 140). Like Plaintiffs, Co–Defendant Crowley also claims that Federal incorrectly sustains that this case should be heard in the Central District of California and has failed to meet its burden of proof pursuant to 28 U.S.C. § 1404(a). For these reasons, Crowley states that venue is proper in the District of Puerto Rico. Accordingly, the Court shall first proceed to consider whether venue is proper in this district.

## II. ANALYSIS

*Venue pursuant to the Carmack Amendment to the Interstate Commerce Act*

 In addition to the general venue provision codified in 28 U.S.C. § 1391(b), Congress has passed hundreds of special venue provisions that govern venue in particular types of cases. Such special statutes provide options for venue in addition to those allowed by the general § 1391(b) provision. 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3803, 48–51 (4th ed.2013). "A special venue statute, expressly covering venue of a particular kind of action, will control over the general venue statutes." *1mage Software, Inc. v. Reynolds & Reyn-*

*olds Co.,* 459 F.3d 1044, 1054 (10th Cir. 2006); *Pujols v. Ser–Jobs for Progress Nat., Inc.,* No. CIV. 981348(HL), 1999 WL 223507, at *3 (D.P.R. Mar. 29, 1999). *See also Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222, 228, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957) (Holding that section 1400(b), prescribing venue for patent infringement cases, displaced the general venue provision. "However inclusive may be the general language of a statute, it will not be held to apply to a matter specifically dealt with in another part of the same enactment. Specific terms prevail over the general in the same or another statute which otherwise might be controlling.").

The instant action is brought pursuant to the Carmack Amendment, which imposes liability on common carriers for damages and losses to goods caused by the carrier in interstate shipment. *See* 49 U.S.C. § 14706(a)(1). "The purpose of the Carmack Amendment was to relieve shippers of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods." *Reider v. Thompson,* 339 U.S. 113, 119, 70 S.Ct. 499, 94 L.Ed. 698 (1950). Section 14706(d) of the Carmack Amendment contains a special venue provision that expressly governs any action brought under said statute. *Fed. Ins. Co. v. Bax Global Inc.,* 2010 WL 3738033, at *4 (E.D.N.Y. Sept. 20, 2010). Subsection 14706(d)(1)-(2) of the Carmack Amendment reads as follows:

(d) Civil actions.—

(1) Against delivering carrier.—A civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court. Trial, if the action is brought in a judicial district, and if in a State court, is in a State through which the defendant carrier operates." 49 U.S.C. § 14706.

district court of the United States is in a judicial district, and if in a State court, is in a State through which the defendant carrier operates.

(2) Against carrier responsible for loss.—A civil action under this section may be brought against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.

In the instant case, Plaintiffs state a claim for the loss and/or theft of thirty-nine (39) slot machines pursuant to the Carmack Amendment to the Interstate Commerce Act. Venue in the instant case is therefore determined by the above special venue provision. Accordingly, the general venue provision codified in 28 U.S.C. § 1391(b) is displaced by the specialized provision provided by the Carmack Amendment. For that reason, we proceed to examine whether venue is proper under § 14706.

▉ In order to establish venue pursuant to § 14706(d)(1), it must be determined who was the delivering carrier and where that delivering carrier "operates." *Fed. Ins. Co.*, 2010 WL 3738033, at *4. Moreover, pursuant to § 14706(d)(2), venue of civil actions against carriers responsible for loss is determined by the judicial district in which the loss or damage is alleged to have occurred. *Cargo–Master, Inc. v. Coast Midwest Transp., Inc.*, 1998 WL 485685, at *1 (N.D.Tex. Aug. 7, 1998); *Hairston Motor Co. v. Newsome*, 253 Va. 129, 137, 480 S.E.2d 741 (1997) ("Clearly, under this statute venue in claims brought in a state court against a delivering carrier must be laid in a state through which the carrier 'operates a ... route,' and a civil action against a carrier causing loss or damage to the cargo must be brought in

the judicial district where "loss or damage is alleged to have occurred." ").

▉ In accordance to § 14706(a)(1) of the Carmack Amendment "a delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination."[7] In interpreting subsection 14706(d)(1), it has been stated that the Carmack Amendment's provisions for venue are not to be so narrowly construed as to mean that a carrier may only be subject to suit in a state through which it maintains regularly scheduled or published routes, but rather the carrier is subject to suit in a "state through which it actually transports property." *Hairston Motor Co.*, 253 Va. 129, 137, 480 S.E.2d 741 (1997).

In the instant matter, applying the standards stated above, for venue to be proper in accordance to § 14706(d)(1) it must be established that the delivering carrier operates in the District of Puerto Rico. The instant case is brought against three (3) Defendants, all of which were involved in the interstate shipment of the allegedly lost or stolen slot machines and operate through Puerto Rico. *See* Docket No. 103. The remaining Defendants are the respective insurers of these entities. *Id.* According to the Third Amended Complaint (Docket No. 103), Avalon was contracted by Plaintiffs for the transportation of the slot machines to San Juan, Puerto Rico. All thirty-nine (39) slot machines were received by Avalon and transported safely from Las Vegas Nevada to its warehouse located in Gardena, California. The machines were then intended to be moved via land carrier from California to Jackson-

7. The line-haul transportation is known as the actual transporting of items (as freight) between terminals as distinguished from pickup, delivery and other terminal services. Webster's Third New International Dictionary (1981).

ville, Florida, where they were meant to be shipped to Puerto Rico. In order to arrange this transportation, Avalon contracted with Leading Edge Logistics ("LE Logistics") and/or LEL Caribe ("LEL"). In turn, LE Logistics and/or LEL contracted with Crowley to finalize the transportation arrangements of the Bally Machines and the Ainsworth machines to Jacksonville, FL.

■ As noted, multiple parties were involved in the conveyance of the alleged stolen or lost goods. In view of the facts narrated, it is difficult to establish which conveyor was the delivering carrier in accordance to § 14706(d)(1) of the Carmack Amendment at this stage in the case. Nevertheless, regardless of which of these is determined to be the actual "delivering carrier", it is well established by the complaint that all three Co–Defendants were involved in the transportation of the slot machines and operate as carriers providing U.S. transportation through Puerto Rico.[8] Furthermore, it has been interpreted that such operation does not refer to a regularly scheduled nor published route, but rather to a route in which the carrier(s) "actually transports property." Therefore, venue is proper in the District of Puerto Rico pursuant to 49 U.S.C. § 14706(d)(1).

Furthermore, venue is also adequate pursuant to § 14706(d)(2) if it is alleged that the loss or damage claimed occurred in the District of Puerto Rico. Pursuant to this section, it has been interpreted that the destination city (San Juan, PR) is considered a permissible venue under the Carmack Amendment with respect to claims against a carrier asserting liability for failure to deliver goods in interstate transportation. *Hairston Motor Co.*, 253 Va. at 137, 480 S.E.2d 741 (1997).

Moreover, it has also been construed that in cases arising under the Carmack Amendment where the "situs of the loss" is unknown, plaintiff may sue in the district that constitutes its principal place of business. *See Seko Air Freight, Inc. v. Direct Transit, Inc.*, 859 F.Supp. 306, 309 (N.D.Ill.1994) (citing legislative history in support of this conclusion). Both scenarios are applicable to the instant matter.

Plaintiffs, H.I. Ponce and H.I. Mayagüez are corporations organized under the laws of the Commonwealth of Puerto Rico, with their principal place of business in Puerto Rico. *See* Docket No. 103. Plaintiffs state a claim under the Carmack Amendment for failure to transport thirty-nine (39) slot machines to San Juan Puerto Rico, which were intended to be installed and in operation at their facilities in Ponce and Mayagüez, Puerto Rico, by May 6, 2013. *Id.* It cannot be determined at this stage where the loss or theft of the slot machines exactly occurred, whether at Avalon's warehouse in California, or in transit to Jacksonville, Florida. Accordingly, given that the "situs of the loss" is uncertain, Plaintiffs may sue at their own principal place of business. Furthermore, Plaintiffs aver in their Complaint that the non-delivery of the goods to Puerto Rico has resulted in the loss of the Bally Machines & Ainsworth Machines' market value, and the gross profit that would have resulted from the operation of the slot machines had they been installed by May 6, 2013. *Id.* This Court agrees that a segment of the damages resulted from the nondelivery of the goods, therefore limiting the place of damage or loss to the point of destination. Therefore, venue is also proper in the district of Puerto Rico as to the mandate in § 14706(d)(2) of the federal statute.

8. Avalon Logistics, LE Logistics and/or LEL Caribe and Crowley Logistics.

*Transfer pursuant to § 1404(a)*

■ Having found that venue in this action may lie in the District of Puerto Rico, the Court next addresses whether transfer to the State of California is appropriate under § 1404(a).

■ Pursuant to 28 U.S.C. § 1404(a) a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented, "for the convenience of the parties and witnesses, in the interest of justice." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Astro–Med, Inc. v. Nihon Kohden Am., Inc.,* 591 F.3d 1, 12 (1st Cir.2009). Congress adopted this statute "to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (quoting *Continental Grain Co. v. The Barge FBL–585,* 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)). Moreover, this section applies to those cases where venue is proper in the forum where plaintiffs originally brought their case. It presupposes that venue is proper in the original district court, but it may also be proper in another more convenient district. *Pujols v. Ser-Jobs for Progress Nat., Inc.,* No. CIV. 98–1348(HL), 1999 WL 223507, at *2 (D.P.R. Mar. 29, 1999). "If venue is proper, the plaintiff's choice of forum is entitled to some deference, and transfer to another district under 28 U.S.C. § 1404(a) will be ordered only if the defendant demonstrates that the convenience of the parties and the witnesses, and the interest of justice strongly favor transfer." 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3801, 7–8 (4th ed.2013). *See also Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ("But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.") Therefore, "the burden of proof rests with the party seeking transfer and unless the balance of the factors strongly favors the transferee forum, the original choice of forum should not be disturbed." *Pujols,* 1999 WL 223507, at *2 *citing Gulf Oil,* 330 U.S. at 508, 67 S.Ct. 839. *See also Coady v. Ashcraft & Gerel,* 223 F.3d 1, 11 (1st Cir.2000) (Holding that "[n]ot only does the burden of proof rest with the party seeking to transfer; there is a **strong presumption** in favor of the plaintiff's choice of forum.")(emphasis ours).

The First Circuit has stated the factors to be considered by the District Court in making its determination under § 1404(a), which include: 1)the convenience of the parties and witnesses, 2)the availability of documents, 3)the order in which jurisdiction was obtained by the district court, and 4)the possibilities of consolidation. *Coady,* 223 F.3d at 11 (citing *Codex v. Milgo Elec. Corp.,* 553 F.2d 735, 737 (1st Cir.), cert. denied, 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133 (1977). *See also Cianbro Corp. v. Curran–Lavoie, Inc.,* 814 F.2d 7, 11 (1st Cir.1987)).

The first factor concerns an analysis of both the convenience of the parties and the witnesses. "The reference is to all the parties in the action which means that their frequently competing conveniences must be taken into account." 15D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3849,

216–219 (4th ed.2013). Plaintiffs in this case are located and organized under the laws of the Commonwealth of Puerto Rico. On the other hand, all seven Defendants, composed of the entities involved in the transportation of goods and their insurers, are principally located in several states within the United States, whilst only two Defendants (LE logistics and LEL Caribe, which is a division of LE Logistics) share their principal place· of business in the state of Pennsylvania. Nonetheless, all defendants involved in the conveyance of the slot machines conduct business or operate in Puerto Rico.

Moreover, it has been construed that "transfer that would only shift inconvenience from the defendant to the plaintiff does not outweigh the plaintiff's choice for Section 1404(a) purposes." *S.E.C. v. Lauer*, 478 Fed.Appx. 550, 554 (11th Cir. 2012). *See also Pujols*, 1999 WL 223507 at *2 (holding that "transfer will not be ordered if the result is merely to shift the inconvenience from one party to another."). In the instant matter, transfer to the Central District of California would certainly shift inconvenience from one party to another. Furthermore, in light of the large amount of defendants, and the fact that most of them do not share their principal place of business, transfer would not only veer inconvenience from Defendant to Plaintiffs, but will also create an inconvenience among other Co–Defendants.

On the other hand, the convenience of witnesses is "probably the most important factor" in deciding whether to transfer an action pursuant to § 1404(a). *Rojas–Buscaglia v. Taburno*, No. 09–2196 JAG, 2010 WL 3304299, at *3 (D.P.R. Aug. 18, 2010). However, "inconvenience to parties and witnesses is not sufficient in itself to justify, much less require, a transfer." *Holiday Rambler Corp. v. Am. Motors Corp.*, 254 F.Supp. 137, 139 (W.D.Mich.1966) "When a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Arroyo–Perez v. Demir Grp. Int'l*, 733 F.Supp.2d 314, 320 (D.P.R.2010). "It is not sufficient merely to state the number of witnesses who will be inconvenienced or to list their names and addresses." "Such party must show the nature, substance, or materiality of the testimony to be offered by the prospective witnesses or must state generally what is expected to be proved by such witnesses." *Myers v. Pan Am. World Airways, Inc.*, 388 F.Supp. 1024, 1025–26 (D.P.R.1974). "If the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, without identifying them and providing sufficient information to permit the district court to determine what and how important their testimony will be, the motion to transfer shall be denied." 15D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3851, 292–301 (4th ed.2013).

In its *Motion for Transfer of Venue* (Docket No. 124), Federal states that the persons with personal knowledge of the events in this case are located in California. These include the truck driver in charge of carrying the goods from California to Florida, and the persons in charge of Avalon's warehouse in Gardena, California. *See* Docket No. 124. Nonetheless, Federal's motion is limited to this general statement and fails to mention further information such as the substance of the testimony to be offered by these witnesses should the case proceed to trial. Consequently, due to the insufficiency of Federals allegations, the availability of the witnesses in the instant matter fails to

constitute a critical factor for a determination under § 1404(a).

Furthermore, Federal's statements that the documents and records related to the investigation of this case are located in the State of California is also a factor of minimal importance. Due to recent technological advances, reliance on physical copies of documents and records has diminished now that documents have become more accessible through electronic means. *See Herschbach v. Herschbach*, 667 F.Supp.2d 1080, 1087 (D.N.D.2009) (holding that documents can be easily transported and the location and numerosity of the documents to be introduced at trial bears little weight on the issue of venue.); *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 200 (E.D.Pa. 2008); *First Preston Management, Inc. v. AFR & Associates, Inc.* 2008 WL 5136916, *5 (N.D.Tex.2008) (stating that due to the technological advances that have occurred in recent years, the weight of the availability of documents, as a factor in determining convenience pursuant to 1404(a) has been significantly reduced.) Additionally,

> a general allegation by the moving party that transfer is necessary under Section 1404(a) because of the location of books and records will not prevail. The moving party must establish the location of the documents in question, their importance to the resolution of the case, and the inability to move or copy them easily.

15D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3853, 312 (4th ed.2013). Federal avers that relevant documents and records are located in the State of California, but in no part mentions the content of these documents or the inconvenience of transferring

them to this District. Therefore, this Court does not see how in light of recent technological advances, transfer of these documents, if determined pertinent to the case, would inconvenience the parties.

Accordingly, the third and fourth factor, possibility of consolidation and the order in which jurisdiction was obtained, do not favor venue in the District of California over Puerto Rico. Co–Defendant Federal has not made any allegation regarding an identical or similar suit related to this matter that has been filed or is currently ongoing in the District of California. Federal only claims that the complaint should have been initially filed in that District.[9] Therefore, the analysis of the four factors established by the First Circuit in making a determination under § 1404(a) clearly incline the balance in favor of the Plaintiffs. Consequently, we determine that Federal has failed to carry its burden pursuant to § 1404(a). The "strong presumption" in favor of Plaintiffs choice of forum remains undisturbed.

### III. CONCLUSION

In view of the foregoing, the Court hereby **DENIES** Co-defendant Federal's *Motion for Transfer of Venue. See* Docket No. 124. Venue is proper in Puerto Rico under § 14706(d)(1) and/or § 14706(d)(2). Further, although venue is also proper in the Central District of California, Federal failed to successfully rebut the "strong presumption" in favor of Plaintiffs choice of forum, which is the District of Puerto Rico. Thus, the case is to remain in this District.

**IT IS SO ORDERED.**

**9.** However the Court insists that the venue set forth under the Carmack Amendment as a "special venue statute" overrides the "general venue statute". *See* p. 5–8 of the instant Opinion and Order.